STATE, RESPONDENT, *v.* NORBY, APPELLANT.

No. 9232.

Submitted January 13, 1953. Decided March 13, 1953.

254 Pac. (2d) 405.

Mr. John D. Gillan, Havre, for appellant.

Mr. Arnold H. Olson, Atty. Gen., Mr. John L. McKeon, Asst. Atty. Gen., Mr. Edward J. Ober, Jr., Co. Atty., Havre, for respondent.

Mr. Gillan and Mr. McKeon argued orally.

MR. CHIEF JUSTICE ADAIR:

The defendant Leo Norby was convicted by a jury's verdict of the crime of burglary in the first degree and sentenced to

486

imprisonment in the state prison. From the judgment of conviction and the order denying his motion for a new trial he has appealed. His only contention and specification of error is that the evidence is insufficient to justify the verdict finding him guilty of burglary in the first degree.

The information charged that on or about January 29, 1951, the defendant Leo Norby ''at the County of Hill, in the State of Montana, with force and arms, did then and there, knowingly, willfully, unlawfully and feloniously break and enter into that certain garage building known as Wiebers Motor Sales & Service with the intent then and there in said defendant to commit the crime of larceny therein, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Montana.''

The evidence is undisputed that during the early morning hours of January 29, 1951, Wiebers garage, located at 436 First Street in the City of Havre, Montana, was burglarized.

The testimony of the witnesses Donald Flatt and Arnold E. Nelson was to the effect that they were employees of the garage; that they closed the place at midnight on Sunday, January 28, 1951, and that they opened it at 6:00 o'clock a. m., on Monday, January 29, 1951.

There is evidence that various padlocks were broken and that a 1950 model Studebaker automobile, license number 12-2777 was stolen and taken from the garage together with car parts and accessories worth $100 and a heavy office safe containing the business records of the garage.

The testimony of the witness Herman Remus, chief of police of Chinook, Montana, is to the effect that the defendant Leo Norby and one Raymond L. Deeds were in Chinook and in possession of the stolen automobile between 4:00 and 4:30 o'clock a. m., on January 29, 1951, at which time the witness observed the heavily loaded Studebaker automobile approaching Chinook from the west on U. S. highway No. 2.

The witness Remus further testified: ''I happened to get into some deep snow and I was unable to get out at the time.

And then I seen this car coming from the west, and I seen it turn on that street going south and as they went by me they got stuck in the same snow drift as I had. Deeds got out and started pushing, Norby stayed in the car—he was driving the car. They were trying to get out so I gave them a hand.

"Q. Were you able to identify the defendant, Leo Norby, as the driver of that car? A. Yes.

"Q. You were? A. I was right along his side—right up by the door.

"Q. You were pushing on the left hand side of the car? A. Yes.

"Q. And were you acquainted with the defendant prior to that time? A. I have known him about two years, I believe."

On cross-examiation:

"Q. You could positively identify him? A. Oh, yes, he was right there in plain sight in the car."

The evidence shows that the defendant Norby was arrested in Havre on Monday, January 29, 1951, at which time he was carrying in his billfold some currency and quite a little silver. A chalky substance was observed on some of the silver coins. The next day the safe taken from the garage was discovered near Zurich, a small town located between Chinook and Harlem. Shortly thereafter the stolen automobile was recovered and in it was found a part of the stolen property taken from the garage.

Some of the insulating material removed from the stolen safe together with the silver coins found on the person of the defendant Norby at the time of his arrest were sent to the Federal Bureau of Investigation and there analyzed by the witness Roy H. Jevons, an agent for the F.B.I., who testified that the chalky substance found on the coins was identical with the substance used as insulation in the safe.

In his defense the defendant Norby sought to establish an alibi. He testified that he was in Harlem the evening of January 28, 1951, with Deeds, John Gilbert and Bud Norby; that they became separated; that he later met James Friede and Mrs. Bud Norby; that he accompanied this couple in an unsuccessful

attempt to locate Bud Norby; and that they then went to Norby's home where they drank until 1:00 or 2:00 a. m., of the morning of January 29, 1951; that Deeds and John Gilbert awoke him later in the morning; that he and Deeds then started for Havre and that on the way there Deeds paid him $25 in cash and currency for money due him from a trapping venture.

On his direct examination the witness James Friede corroborated the defendant Norby's testimony but on cross-examination the witness testified that he came to Chinook on Friday, which would be January 26, 1951; that he had assisted the defendant and Mrs. Bud Norby in locating Bud Norby on the evening of Saturday, January 27th, and that he returned to his place of employment on Sunday, January 28th. Since the burglary did not occur until the early hours of the following day, to-wit, Monday, January 29, 1951, it is obvious that the testimony introduced to establish an alibi was of questionable evidentiary value and that it was not believed by the jury.

The witness Mrs. Bud Norby, corroborated the testimony of the witness James Friede, but she testified that it was January 28, 1951, when she was with the defendant Leo Norby and Friede. On cross-examination she testified it was January 29, 1951, when she was looking for her husband Bud Norby.

This of course is at variance with the testimony of witness Friede and is contradictory in itself. Even if we assume that Mrs. Bud Norby was with the defendant the evening of January 29, 1951, it stands undisputed that the burglary occurred between the hours of 12:00 o'clock midnight and 6:00 o'clock a. m., of Monday, January 29th, and her testimony tended only to establish an alibi for the defendant for hours other than the early morning hours of January 29th during which time the garage was broken into and the property taken.

The resolution of the conflicts in the testimony was for the jury. There was ample evidence to support the verdict, hence

the judgment of conviction entered in conformity with such verdict is affirmed.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN, ANGSTMAN and ANDERSON, concur.